José OLLER OLLER, Plaintiff and Appellant, *v.* SEGUNDO CADIERNO, Defendant and Appellee.

No. 8695. Argued June 10, 1943.—Decided July 28, 1943.

*Angel A. Vázquez* for appellant. *Damián Monserrat, Jr.,* and *Gabriel de la Haba* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The judgment rendered by the District Court of San Juan in this case on February 26, 1934, was affirmed by this court on May 6, 1936, *Oller* v. *Cadierno,* 49 P.R.R. 852. None of the parties sought the enforcement of the judgment until August 18, 1942, when defendant Cadierno filed a motion therefor. Plaintiff objected and, after a hearing, the lower court granted defendant's motion and ordered the execution. It is from this order that plaintiff has appealed, alleging that defendant's motion does not adduce sufficient facts to obtain the relief sought and that the lower court acted without jurisdiction.

 The judgment rendered in 1934 reads as follows:

"For the reasons stated in our opinion attached to the record and which forms part hereof, the court renders the following judgment:

"It declares null the mortgage foreclosure proceeding instituted by Segundo Cadierno against José Oller Oller, ordering the defendant to return to the plaintiff the property described in the complaint, together with its rentals estimated at $110 monthly, amounting to $4,290 until February 14, 1933, and from that date, at the monthly rate of $110, until the time of restitution of the property;

"It orders the plaintiff to pay to Segundo Cadierno, *as a condition precedent to the restitution of the property,* the sum of $9,000 with interest thereon at an annual rate of 10 per cent accrued until June 3, 1929, amounting to $450, and such as shall have accrued from that date until the restitution of the property to its legitimate owner;

"It orders the plaintiff to pay to the defendant the sum of $845.33 which defendant paid for taxes from the year 1928 until 1932 both inclusive, and such as shall have been paid from that date until the restitution of the property;

"It orders the plaintiff to pay to the defendant the sum of $1,000 for repairs and betterments to the property.

"Each party shall pay his own costs." (Italics ours.)

Appellant contends that, as more than 5 years have elapsed after the judgment was rendered, and since said judgment is divisible, what the defendant is attempting to execute is that part of the judgment in his favor, that is, the recovery of diverse sums of money which he was ordered to pay to the plaintiff; and this being so, the same can not be enforced pursuant to §§243 and 239 of the Code of Civil Procedure. In our opinion appellant is mistaken, and we believe that the lower court correctly construed the scope of the judgment whose execution is sought when it expressed itself thus:

"The judgment, as it may be seen, is indivisible. It does not merely provide for the recovery of money, even though some of its pronouncements ordered the parties to pay money. It is a judgment wherein a proceeding is annulled and the restitution of a

property is ordered. As a condition precedent to the restitution, plaintiff is ordered to pay certain amounts to the defendant. The latter is also ordered to pay to the plaintiff a lease rental for such time as he possesses the property. It is obvious that that part of the judgment which provides for the restitution of the property is susceptible of enforcement, with leave of court, at any time. And that part is necessarily connected with the payment to the defendant of the amount which plaintiff owed him. In our opinion a judgment of this nature does not fall within the strict limitation of the Code of Civil Procedure in so far as the execution of judgments for recovery of money is concerned. We believe that the ends of justice are better served by construing this limitation restrictively.

"Plaintiff argues that defendant's motion should be denied because it does not state sufficient reasons to execute the judgment. We believe that as a general rule it is sufficient to allege that the judgment has not been executed. Besides, plaintiff has not stated any reason showing that the execution of the judgment at this time would prove more prejudicial than if it had been executed in 1936. Although we have discretion to deny a motion to execute a judgment, we can not do so arbitrarily. If the judgment has not been enforced, it should be enforced now, since there is no showing that the situation of the parties has changed."

Section 243 of the Code of Civil Procedure provides:

"Section 243.—In all cases other than for the recovery of money, the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, or by judgment for that purpose, founded upon supplemental proceedings."

The judgment rendered in this case is not divisible. It set up, as a condition precedent to the restitution of the property, the return and payment of the amount of the mortgage, interest thereon, and betterments. This condition did not change the judgment into one for the recovery of money separable from that part providing for the restitution. The lower court had discretion to order the execution according to the above-copied Section.

Appellant's contention in the sense that he alone could seek the execution of the judgment as to that part

which orders the restitution of the property, has no merit. Any of the parties affected by the judgment, in view of the terms contained therein, could have sought its execution, on condition, of course, of the fulfillment of the entire judgment. The obligation imposed on the defendant to return to the plaintiff the property, and the obligation imposed on the plaintiff to pay the amounts owed to the defendant, are reciprocal obligations, §1260 of the Civil Code (1930) being applicable thereto when it provides that "While one of the contracting parties does not return that which he is obliged to deliver by virtue of the declaration of nullity, the other can not be compelled to fulfill, on his part, what is incumbent on him."

The lower court did not order the execution of the judgment as to that part which refers to the plaintiff paying to the defendant the sums claimed by the latter, but it ordered the execution of the entire judgment and in doing so it did not act without jurisdiction.

██ Neither may we conclude that it abused its discretion because of the fact that no evidence was introduced "as to the question in controversy," as alleged by appellant, when he contended that in his objection to defendant's motion he alleged that he owed nothing to him because the amounts which the parties had to pay to each other according to the judgment had already been compensated.

There is nothing in the record to show whether defendant's motion and plaintiff's objection were decided by the lower court after a hearing, or if there was such a hearing, whether any evidence was introduced. Be this as it may, we are of the opinion that said court did not err in deciding the question of compensation in the following manner:

"Lastly, plaintiff maintains that he owes nothing to the defendant, inasmuch as after defendant has paid the amount to the plaintiff, as ordered by the judgment, the amount owed by the latter to the former being less, the defendant then becomes the debtor of the

plaintiff. However, it is curious that if the plaintiff has faith in his argument, he should not have sought before, or even now, the recovery of the property.

"There is no doubt that that part of defendant's claim which is equivalent to what the judgment granted the plaintiff should be considered as paid. But it is evident that even after this amount is paid the plaintiff still owes money to the defendant. Plaintiff bases his calculation on the interest which defendant should pay on the rental for the use of the property. The judgment did not provide for such interest nor would it have been fair to grant it, inasmuch as plaintiff was not ordered to pay any interest to the defendant on the installments of interest due. If defendant was bound to pay the rent punctually, plaintiff was likewise bound to pay the interest in due time and if interest were imposed for delay in one case it should also be imposed in the other case.

"In our opinion, the execution of the judgment lies in order that the defendant may enforce that part of the claim which is in excess of plaintiff's claim. As soon as plaintiff pays what he owes defendant, the property shall be restored to the plaintiff."

The order appealed from should be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Travieso did not participate herein.